**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A. G., 1-4; et al., | No. 18-16831 |
| Plaintiffs-Appellants, | D.C. No.<br>1:16-cv-01914-LJO-SAB |
| v. | |
| CITY OF FRESNO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 4, 2020[**]
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and STEIN,[***] District Judge.

Plaintiffs-Appellants appeal from the district court's order awarding

summary judgment in favor of Defendants-Appellees in a case arising from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

fatal shooting of Raymond Angel Gonzalez. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.[1]

**1.** We affirm the district court's grant of summary judgment in favor of Defendants on Plaintiffs' claim that City of Fresno Police Department Officer Zebulon Price's deadly use of force violated Gonzalez's Fourth Amendment rights. In Fourth Amendment excessive force cases, we apply the balancing test from *Graham v. Connor*, 490 U.S. 386, 396 (1989), and examine whether the officer's use of force was objectively reasonable under the totality of the circumstances. *See S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).

Plaintiffs' argument that summary judgment was improper relies on factual assertions that are either inconsistent with the video evidence or immaterial to the Fourth Amendment standard.

The district court relied on Officer Price's body camera video, not Officer Price's account of the incident, in describing the moments before the fatal shooting. Although "video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from that footage," *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018), the district court did not err by "view[ing] the facts in the light depicted by the

---

[1] Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

video[]" to the extent Plaintiffs' version of the incident is blatantly contradicted by the video, *Scott v. Harris*, 550 U.S. 372, 381 (2007).

Plaintiffs' speculation about Gonzalez's or Officer Price's mindset overlooks that "[w]e take the perspective of an officer on the scene without the benefit of 20/20 hindsight and consider that 'police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving.'" *Gonzalez v. City of Anaheim*, 747 F.3d 789, 794 (9th Cir. 2014) (en banc) (quoting *Graham,* 490 U.S. at 396–97). Based on the circumstances in this case, the district court did not err by concluding that Price's use of force was objectively reasonable as a matter of law. *See Cruz v. City of Anaheim*, 765 F.3d 1076, 1078 (9th Cir. 2014). Because Plaintiffs cannot establish an underlying constitutional violation, we also affirm the district court's grant of summary judgment on Plaintiffs' *Monell* claim for municipal liability. *See Lowry v. City of San Diego*, 858 F.3d 1248, 1260 (9th Cir. 2017) (en banc).

**2.** We vacate the district court's grant of summary judgment on Plaintiffs' state-law negligence claim and remand for further consideration. Plaintiffs argue, and Defendants do not counter, that the district court erred by applying the Fourth Amendment standard to their state-law negligence claims. The Fourth Amendment's "reasonableness" standard is distinct from California's tort-law

3

"reasonable care" standard governing police liability. *Vos*, 892 F.3d at 1037; *see also Hayes v. Cty. of San Diego*, 305 P.3d 252, 263 (Cal. 2013). "The Fourth Amendment is narrower and 'plac[es] less emphasis on preshooting conduct.'" *Vos*, 892 F.3d at 1037 (alterations in original) (quoting *Hayes*, 305 P.3d at 262). We remand for the district court to consider Plaintiffs' allegations that Officer Price's tactical conduct and decisions preceding the use of deadly force gave rise to negligence liability pursuant to California law.[2] *See Hayes*, 305 P.3d at 263.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

**Each party shall bear its own costs on appeal.**

---

[2] Plaintiffs nominally challenge the district court's dismissal of their state-law assault and battery claims. They point to facts that may support a claim for negligence under California law, but these facts do not raise a material issue that defendant committed an intentional tort. With no meaningful briefing on this issue, we consider it waived. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138–39 (9th Cir. 2019).